IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOBBY JIMENEZ, | § | CV. NO. 5:13-CV-876-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SGT. CHRIS TEAGUE, CHIEF LEE | § | |
| MCVAY, HONDO POLICE OFFICER, | § | |
| and MEDINA COUNTY DEPUTY | § | |
| SHERIFF , | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER DENYING LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

Before the Court is a Motion for Leave to File a Supplemental

Complaint filed by Plaintiff Bobby Jimenez ("Jimenez") (Dkt. # 73).[1]  Pursuant to

Local Rule 7(h), the Court finds this matter appropriate for disposition without a

hearing.  For the reasons that follow, the Court **DENIES** Jimenez's motion (Dkt.

# 73).

---

[1] Because Jimenez proceeds pro se, the Court must liberally construe his filings.
See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Windland v. Quarterman, 578
F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that
[the court] construe pro se briefs liberally").

BACKGROUND

Jimenez's motion arises out of his suit against Sergeant Chris Teague ("Teague") of the Castroville Police Department, Castroville Police Chief Lee McVay ("McVay"), the Castroville Police Department, and the City of Castroville (collectively, "Defendants") for alleged constitutional violations that occurred when he was allegedly transported in an excrement-littered K–9 unit cage.  (Dkt. # 12 at 4–7.)  On January 8, 2015, this Court adopted the Magistrate Judge's Memorandum and Recommendation, thereby dismissing the claims against McVay, the Castroville Police Department, and the City of Castroville.  (Dkt. # 74.)  Accordingly, the only live claim that remains is Jimenez's § 1983 claim against Teague, which is set for trial in late June 2015.  (Dkt. # 75.)

The scheduling order in the case required the parties to submit all amended pleadings by February 24, 2014, and all dispositive motions by June 9, 2014.  (Dkt. # 29.)  Plaintiff filed the instant motion, seeking leave to amend his complaint to add former Castroville Police Sergeant Neuman[2] ("Neuman") as a named defendant, on August 29, 2014—over six months after the amended pleading deadline, nearly three months after the dispositive motions deadline, and a month and a half after the Magistrate Judge issued his Memorandum and

---

[2] Although Jimenez refers to him as "Nueman," a discovery document provided by Defendants spells the individual's name "Neuman."  (Dkt. # 70, Ex. A.)  The Court adopts that spelling.

Recommendation on Defendants' Motion for Summary Judgment.  (Dkt. # 73 at

1–2; see also Dkts. ## 29, 66.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b), a party must show good

cause to amend a pleading after the deadline set forth in the scheduling order.

Gentilello v. Rege, 627 F.3d 540, 546 (5th Cir. 2010) (citing S&W Enters., L.L.C.

v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003)).  To show

good cause, a plaintiff must demonstrate that, despite his diligence, the deadlines

could not reasonably have been met.  S&W Enters., 315 F.3d at 536.  Courts weigh

four factors in this analysis: "(1) the explanation for the failure to timely move for

leave to amend; (2) the importance of the amendment; (3) potential prejudice in

allowing the amendment; and (4) the availability of a continuance to cure such

prejudice."  Sw. Bell Telephone Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir.

2003).  If a party can demonstrate good cause to extend the deadlines set forth in

the scheduling order, the Court then applies the more liberal standard under

Federal Rule of Procedure 15(a) to determine whether to grant leave to amend.

Sw. Bell Telephone Co., 346 F.3d at 546 (citing S&W Enters., 315 F.3d at 536).

## DISCUSSION

Because Jimenez filed his motion months after the scheduling order's

deadline to amend pleadings, the Court must first determine whether there is good

cause to extend the deadline.  Applying the four-factor balancing test, the Court

finds that Jimenez has failed to show good cause to extend the deadline for filing

an amendment.

First, Jimenez failed to present a reasonable explanation for his failure

to timely move to amend.  Jimenez contends that his motion is untimely because he

did not know the name of Teague's direct supervisor when he filed his complaint

and only discovered that information when Defendants produced a letter during

discovery from Teague to Neuman asking to be removed from the K–9 unit.  (Dkt.

# 73 at 1.)  Even if Jimenez was unable to learn of Nueman's role in the Castroville

Police Department until he received Defendants' discovery responses, he still

waited at least three months after the close of discovery on May 17, 2014, before

filing his motion for leave to amend.  He provides no explanation for such delay.

Accordingly, Jimenez has failed to provide a reasonable explanation for his failure

to timely move.  Compare Barrois v. Fireman's Fund Ins. Co., No. 09-380, 2010

WL 908739, at *3 (E.D. La. Mar. 9, 2010) (denying leave to amend when, even

though the movant did not know the names of potential third-parties before the

deadline for filing third-party complaints, it became aware of those parties shortly

thereafter but nevertheless waited six months to investigate those parties), with

Total Safety U.S., Inc. v. Rowland, No. 13-6109, 2014 WL 4693114, at *3–4 (E.D.

La. Sept. 18, 2014) (granting leave to amend where there was only a delay of

between one and two months between the discovery of new information and the

motion to amend).

Second, and most importantly, Jimenez has failed to establish the

importance of the extending the deadline.  In his motion, Jimenez suggests that

Neuman is an important party to the suit because, as Teague's supervisor, he must

have been aware of prisoners being transported in excrement-littered cages and is

therefore an appropriate defendant in the suit.  (See Dkt. # 73 at 1.)  However,

Jimenez's only factual allegation in support of that argument is a memo that

Teague wrote to Neuman in January 2011, in which Teague requested to relinquish

his duties as a K–9 officer.  (Dkt. # 70, Ex. A.)  At most, the memo suggests that

Neuman supervised Teague in some capacity; Jimenez presents no factual

allegations or evidence to show that Neuman acted in the requisite manner or with

the requisite culpability to have any sort of liability under § 1983.[3]  Accordingly,

---

[3] Because "Section 1983 offers no respondeat superior liability," supervisory
officials are not vicariously liable for the actions of their subordinates.  Pineda,
291 F.3d 325, 328 (5th Cir. 2002); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir.
1987).  A supervisor is only liable under § 1983 if he (1) fails to adequately train or
supervise the officers involved in the constitutional deprivation or fails to
promulgate policy, and that failure gave rise to the deprivation, or
(2) "implement[s] a policy so deficient that the policy itself is a repudiation of
constitutional rights and is the moving force of the constitutional violation."  Porter
v. Epps, 659 F.3d 440, 446 (5th Cir. 2011); Thompson v. Upshur Cnty., Tex., 245
F.3d 447, 459 (5th Cir. 2001); Thompkins, 828 F.2d at 304 (internal quotation
marks omitted).  Additionally, the plaintiff "must show that the supervisor act[ed],
or fail[ed] to act, with deliberate indifference to violations of others' constitutional
rights committed by their subordinates."  Gates v. Tex. Dep't of Prot. & Reg.

Jimenez has failed to demonstrate that extension of the deadline is important to his suit.  See, e.g., N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Tex., No. H-08-2379, 2011 WL 582638, at *3 (S.D. Tex. Feb. 9, 2011) (finding that the amendment "was not of great importance" in part because it was unclear whether the proposed amendment was an independent cause of action under Texas law).

Finally, granting Jimenez's motion to amend would significantly prejudice Defendants in a way incurable by a continuance.  At the time that Jimenez filed his motion to amend, Defendants had already filed their Motion for Summary Judgment and the Magistrate Judge had already issued his Memorandum and Recommendation.  Even if the Court were to permit the amendment and continue the trial, which is set for late June 2015, a new claim against Neuman would require the parties to undergo additional discovery and, likely, file a second motion for summary judgment that would relitigate many of the issues that have already been litigated with respect to other defendants.  Given the additional resources and expense that the proposed amendment would impose on the parties, a continuance cannot cure the prejudice that the amendment would cause.  See, e.g., Ruiz v. Univ. of Tex. M.D. Anderson Cancer Ctr., 291 F.R.D. 170, 171–72 (S.D. Tex. 2013) (finding incurable prejudice because the amendment would

Servs., 537 F.3d 404, 435 (5th Cir. 2008) (internal quotation marks and citations omitted, alterations and emphasis in original).

6

require reconsideration of case strategy and additional motions and responses);

Valcho v. Dall. Cnty. Hosp. Dist., 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009)

(finding that the prejudice of amending the complaint to include state-law claims

was not curable by a continuance, given that the opposing party had already filed a

motion for summary judgment).

Because the weight of the good cause factors all cut against Jimenez,

the Court finds that there is not good cause to extend the pleading amendment

deadline set forth in the scheduling order.[4]  Accordingly, the Court **DENIES**

Jimenez's Motion for Leave to File a Supplemental Complaint (Dkt. # 73).

CONCLUSION

For the foregoing reasons, the Court **DENIES** Jimenez's Motion for

Leave to File a Supplemental Complaint (Dkt. # 73).

---

[4] Even if the Court were to have found that good cause existed to extend the
scheduling order deadline, denial of the motion would nevertheless be proper
because the amendment would be futile.  An amendment is futile when it "would
fail to state a claim upon which relief could be granted," as determined under the
12(b)(6) standard.  Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir.
2000).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead
"enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp.
v. Twombly, 550 U.S. 544, 570 (2007).  Because Jimenez has failed to identify any
facts to show supervisory liability under Section 1983, as discussed above, the
amendment would be futile.

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, February 26, 2015.


_____

David Alan Ezra
Senior United States Distict Judge