IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOBBY JIMENEZ, | § | CV. NO. 5:13-CV-876-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SGT. CHRIS TEAGUE, CHIEF LEE | § | |
| MCVAY, HONDO POLICE OFFICER, | § | |
| and MEDINA COUNTY DEPUTY | § | |
| SHERIFF, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER DENYING PETITION FOR APPOINTMENT OF COUNSEL

Before the Court is a Third Petition for Appointment of Counsel filed by pro se Plaintiff Bobby Jimenez ("Jimenez") (Dkt. # 79).[1] Pursuant to Local Rule 7(h), the Court finds this matter appropriate for disposition without a hearing. For the reasons that follow, the Court **DENIES** Jimenez's motion (Dkt. # 79).

---

[1] The Court notes that this request is in fact Jimenez's second Petition for Appointment of Counsel in this case. Magistrate Judge John W. Primomo issued an order denying his first motion for appointment of counsel on October 22, 2013 without prejudice to refiling if Jimenez was able to state a claim for relief. (Dkt. # 8.) Although Jimenez refiled a motion for appointment of counsel in his second and somewhat related civil rights case in this Court (No. 5:13-cv-877), he did not reurge the motion in this case.

## BACKGROUND

Jimenez's motion arises out of his suit against Sergeant Chris Teague ("Teague") of the Castroville Police Department, Castroville Police Chief Lee McVay ("McVay"), the Castroville Police Department, and the City of Castroville (collectively, "Defendants") for alleged constitutional violations that occurred when he was allegedly transported in an excrement-littered K–9 unit cage. (Dkt. # 12 at 4–7.)  On January 8, 2015, this Court adopted the Magistrate Judge's Memorandum and Recommendation, thereby dismissing the claims against McVay, the Castroville Police Department, and the City of Castroville. (Dkt. # 74.)  Accordingly, the only live claim that remains is Jimenez's § 1983 claim against Teague, which is set for trial in late June 2015. (Dkt. # 75.)  On April 3, 2015, Jimenez filed the instant Petition for Appointment of Counsel (Dkt. # 79).

## LEGAL STANDARD

"There is no general right to counsel in civil rights actions," and appointment of counsel is only appropriate in exceptional circumstances. <u>McFaul v. Valenzuela</u>, 684 F.3d 564, 581 (5th Cir. 2012) (citing <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987); <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982)).  In determining whether the circumstances are exceptional, district courts consider (1) the type and complexity of the case, (2) the litigant's ability to investigate and present the case, and (3) the level of skill required to present the evidence.

Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007) (quoting Castro Romero v. Becken, 256 F.3d 349, 353–54 (5th Cir. 2001)).  District courts may also consider whether the appointment of counsel would be a service to the litigants and the court itself "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." Ulmer, 691 F.2d at 213.

## DISCUSSION

Jimenez asks the Court to appoint an attorney to represent him because his imprisonment limits his ability to research and investigate the complex issues in his case, especially because TDCJ has removed 42 U.S.C.A. 1983 from its library; he must handwrite his pleadings because he has no access to a typewriter or computer, thereby slowing his efforts to properly prepare his pleadings; the trial will involve conflicting testimony; he lacks the requisite medical training and knowledge, as well as the ability to find a medical expert, to present his skin disorder; and he requires an attorney to take depositions and to represent him in the deposition that Teague requests of him.  (Dkt. # 79.)  The Court considers each of the relevant factors below.

I.      Type and Complexity of Case

At this stage of the litigation, the only claim remaining is the § 1983 claim against Teague in his individual capacity, which alleges that Teague

transported Jimenez in a small, excrement-littered dog cage for ninety minutes in violation of the Fourteenth Amendment. (Dkt. # 74 at 8.) This Court and Magistrate Judge Primomo have laid out the applicable legal standards for this claim; all that remains is a resolution of the factual issues and a decision as to whether those facts amount to punishment in violation of the Fourteenth Amendment. Given the relative simplicity of the remaining claim, this factor weighs against appointment of counsel.

II.     Ability to Adequately Investigate and Present Case

Since filing this action in October 2013, Jimenez has adequately investigated and presented his case, despite the computer and library limitations that Jimenez has outlined in his motion. As Magistrate Judge Primomo noted in Jimenez's other action pending before this Court, Jimenez has obtained a GED, has obtained 150 hours of college credits, and suffers from no linguistic, physical, or mental impairment that would affect his ability to litigate the case. Order, Jimenez v. Brown, No. 5:13-CV-877-DAE, Dkt. # 55, at 2 (W.D. Tex. Mar. 7, 2014). Despite Jimenez's interest in deposing witnesses, depositions are not a requirement of successful litigation, especially when the matter has passed the summary judgment phase and is proceeding to trial. Similarly, the mere fact that Jimenez might be deposed by Teague is not sufficient to warrant appointment of counsel. Accordingly, this factor weighs against appointment of counsel.

III.  Level of Skill Required to Present Evidence

The Court agrees with Jimenez that the case will likely involve conflicting testimony on the issue of whether the dog cage contained animal excrement. As in every case with conflicting testimony, the experience of a skilled attorney would be of assistance to the litigant. Moreover, medical evidence may be relevant to this case, insofar as it could show that the rash is consistent with the type of reaction a person might have had to the alleged conditions of transportation. Accordingly, this factor weighs in favor of appointment of counsel.

IV.  Service to the Litigants and Court

Given the relatively limited scope of the issue remaining for trial, the Court does not find that this case would benefit in any unusual way from appointment of counsel. Accordingly, this factor weights against appointment of counsel.

In sum, all factors, except cross-examination of witnesses, weigh against the appointment of counsel. Even with respect to cross-examination, the Court does not consider the issues particularly exceptional: Jimenez will face the same challenges that many other pro se litigants face in going to trial on a civil rights complaint. Accordingly, the Court finds that this is not the type of extraordinary case warranting the appointment of counsel.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Jimenez's Third Petition for Appointment of Counsel (Dkt. # 79).

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, April 7, 2015.

_____
David Alan Ezra
Senior United States Distict Judge